IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO. 16-cr-256-RM

UNITED STATES OF AMERICA,

       Plaintiff,

v.

JESSICA L. CICCOCIOPPO,

       Defendant.

_____

**DEFENDANT'S SECTION 4241(a) MOTION FOR ORDER AUTHORIZING PSYCHIATRIC OR PSYCHOLOGICAL EXAMINATION PURSUANT TO SECTION 4241(b) FOR THE PURPOSE OF DETERMINING COMPETENCY**
_____

Defendant, Jessica L. Ciccocioppo, by and through undersigned counsel, hereby moves this Court for an Order authorizing a psychiatric or psychological examination of the defendant by a licensed or certified psychiatrist or psychologist for the purpose of determining the mental competency of the defendant, and to thereafter set a hearing to determine her competency to proceed, pursuant to 18 U.S.C. § 4241(a), (b) and (c), and 18 U.S.C. §4247(b) and (c).  In support thereof, the defense states as follows:

**I.    Procedural History**

    1.    Ms. Ciccocioppo is charged with one count of violating 18 U.S.C. § 1038(a)(1), false information and hoaxes.  On August 17, 2016, Ms. Ciccocioppo entered a plea of not guilty to the charge.  Ms. Ciccocioppo is detained without bond.

    2.    On December 8, 2016, a status conference was held in this case. *See* Doc. No. 32. Ms. Ciccocioppo was not present for that conference, as she declined to come to court.  At that conference, this Court inquired about Ms. Ciccocioppo's

competency to proceed. *See* 18 U.S.C. § 4241(a). Counsel explained to the Court that, at that time, he did not wish to raise the issue of whether Ms. Ciccocioppo was competent to proceed; he similarly requested the Court not, on its own, order an evaluation to determine competency. *Id.* Counsel assured the Court he was working diligently on Ms. Ciccocioppo's case.

3. Subsequent to the December 8 conference, and as discussed at that time, Ms. Ciccocioppo filed a second Ends of Justice continuance motion. *See* Doc. No. 33. In granting that motion, this Court summarized:

> The Court has independently become concerned with Defendant's mental health status to the point where serious consideration was given to a competency hearing initiated by the Court. After discussing the matter with counsel at the Status Conference on December 8, 2016 (ECF No. 32), the Court determined that a further ends of justice continuance was best both for counsel's preparation efforts and for completion of those analyses which will assist the Court in determining whether competency issues remain.

Doc. No. 34.

4. Trial in this case is currently set for March 20, 2017. *Id.*

## II. Argument

5. At this time, counsel believes he has an ethical responsibility to bring the instant motion pursuant to 18 U.S.C. § 4241(a). Based upon Ms. Ciccocioppo's documented history with mental health concerns, ongoing interactions and conversations with Ms. Ciccocioppo, and information learned during the course of representing Ms. Ciccocioppo, counsel has reason to believe that Ms. Ciccocioppo may be suffering from a mental disease or defect rendering her mentally incompetent to the

extent that she is unable to assist properly in her defense.  See 18 U.S.C. § 4241(a). The defense requests the Court to order an examination of Ms. Ciccocioppo by a licensed or certified psychiatrist or psychologist for purposes of determining competency.  18 U.S.C. § 4241(b).

6. Pursuant to 18 U.S.C. §§ 4241(b), 4247(b), and for the purposes of conducting this examination, counsel requests that the defendant be committed to the custody of the United States Attorney General for a reasonable period not to exceed 30 days, unless an extension, not to exceed 15 days, is appropriately sought.  18 U.S.C. § 4247(b).  Per statute, this examination must, unless impracticable, be conducted in a suitable facility closest to the court.  Id.

7. Pursuant to 18 U.S.C. § 4247(c), counsel further requests the Court to direct the preparation of a written report that complies with Section 4247(c), and once completed, copies of the report be delivered directly to undersigned counsel, the Assistant United States Attorney, and this Court.  18 U.S.C. § 4247(c).

8. Pursuant to 18 U.S.C. § 3161(h)(1), the Speedy Trial clock is tolled until such time as a determination of competency is made.

9. In addition, because counsel cannot effectively discuss the case and any potential pretrial motions with Ms. Ciccocioppo until a determination of Ms. Ciccocioppo's competency has been made, the defense respectfully requests that this Court vacate the current trial date and motions deadlines.

### III. Conclusion

10. WHEREFORE, A) pursuant to Section 4241(a), the defense notifies this Court that there is reasonable cause to believe that Ms. Ciccocioppo may presently be suffering from a mental disease or defect rendering her mentally incompetent to the extent that she is unable to assist properly in her defense; B) pursuant to Section 4241(b) and 4247(b), the defense requests that this Court order that the defendant be evaluated by a licensed or certified psychiatrist or psychologist and that such an examiner be designated by the Court; C) to conduct such an evaluation, Ms. Ciccocioppo may be committed to the custody of the United States Attorney General for a reasonable period not to exceed 30 days, unless an extension, not to exceed 15 days, is appropriately sought; D) it is requested that this Court order a psychiatric or psychological report that satisfies the requirements of Section 4247(c), and once completed, copies of the report be delivered directly to undersigned counsel, the Assistant United States Attorney, and this Court; and E) it is requested this Court thereafter set a hearing to determine Ms. Ciccocioppo's competency to proceed and that until that hearing, all currently set dates and deadlines be vacated.

        Respectfully submitted,

        VIRGINIA L. GRADY
        Federal Public Defender

s/David E. Johnson
DAVID E. JOHNSON
Assistant Federal Public Defender
633 17th Street, Suite 1000
Denver, CO 80202
Telephone: (303) 294-7002
FAX: (303) 294-1192
david.johnson@fd.org
Attorney for Defendant

CERTIFICATE OF SERVICE

I hereby certify that on January 17, 2017, I electronically filed the foregoing *Defendant's Section 4241(a) Motion for Order Authorizing Psychiatric or Psychological Examination Pursuant to Section 4241(b) for the Purpose of Determine Competency* with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Anna Kathryn Edgar, AUSA
Email: Anna.Edgar@usdoj.gov

Rebecca S. Weber, Assistant United States Attorney
Email: Rebecca.weber@usdoj.gov

and I hereby certify that I have mailed or served the document or paper to the following non CM/ECF participant in the manner (mail, hand-delivery, etc.) indicated by the non-participant's name:

Jessica Ciccocioppo         (via Mail)
Reg. No. 43712-013
c/o Douglas County Jail

s/David E. Johnson
DAVID E. JOHNSON
Assistant Federal Public Defender
633 17th Street, Suite 1000
Denver, CO 80202
Telephone: (303) 294-7002
FAX: (303) 294-1192
david.johnson@fd.org
Attorney for Defendant